IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TARRANCE D. WHITLOCK, #930799 | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:15-CV-0546-B-BK |
| | § | |
| WILLIAMS STEPHENS, Director TDCJ-CID, | § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this action was automatically referred to the United States Magistrate Judge. Petitioner, a state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that this successive habeas petition be transferred to the United States Court of Appeals for the Fifth Circuit.

**I. BACKGROUND**

In 2000, Petitioner was convicted of aggravated assault on a public servant and was sentenced to 40 years' imprisonment. *See State v. Whitlock*, No. No. F99-56237 (292nd Jud. Dist. Ct., Dallas County, Tex., June 19, 2000), reformed and aff'd as modified, No. 05-00-00981-CR, 2001 WL 1563583 (Tex. App. - Dallas 2001), reformation reversed and aff'd, PDR No. 066-02 (Tex. Crim. App. 2002). He later unsuccessfully challenged his conviction in state and federal habeas proceedings. *See Whitlock v. Quarterman*, No. 3:5-CV-1232-M, 2006 WL 2389361 (N.D. Tex. 2006) (dismissing federal habeas petition as barred by the limitations period), *aff'd*, No. 06-11066, 2008 WL 3244282 (5th Cir. 2008); *Whitlock v. Thaler*, No. 3:12-CV-2805-B-BH, 2012 WL 3892745 (N.D. Tex.), recommendation accepted, 2012 WL 3900383 (N.D. Tex. 2012)

(transferring successive habeas petition to the Fifth Circuit); *in re Whitlock*, No. 12-11139 (5th Cir. 2013) (denying leave to file successive habeas application); *Whitlock v. Stephen*, No. 3:13-CV-4826-M-BF, 2013 WL 6501255 (N.D. Tex. 2013) (construing motion for relief from judgment in No. 3:05-CV-1232-M as a successive habeas corpus petition and transferring matter to the Fifth Circuit); *In re Whitlock*, No. 13-11340 (5th Cir. 2013) (denying authorization to file a successive application for failure to comply).

In this action, Petitioner again seeks to challenge his conviction. He presents the following new claims: (1) his conviction was void or illegal; (2) appellate counsel rendered ineffective assistance; (3) Petitioner is actually innocent of the sentence imposed; and (4) the evidence is factually and legally insufficient. [Doc. 1 at 6-7].[1]

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must

---

[1] Petitioner did not pay the $5 filing fee or submit a motion to proceed *in forma pauperis* in response to the Court's deficiency order, seeking instead appointment of counsel. In light of the successive nature of his petition, it is more efficient to transfer his petition than to require compliance with the Court's deficiency order.

determine whether the application makes the requisite prima facie showing.  *See* 28 U.S.C. § 2244(b)(3)(A) and (B).  Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition.  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (*per curiam*) (section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case.  Because Petitioner must obtain such an order before he can file a successive application challenging his conviction, his section 2254 petition should be transferred to the United States Court of Appeals for the Fifth Circuit.  *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the successive habeas petition be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.  *See* 28 U.S.C. § 2244(b)(3); 28 U.S.C. § 1631.

SIGNED April 8, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE